Table of Contents

——

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Preliminary Statement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE RELEVANT FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Prior proceedings  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B    New York Executive Law § 632-a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I    PLAINTIFF CANNOT MEET THE STANDARD
        FOR  JOINING A NEW PARTY TO THIS ACTION  . . . . . . . . . . . . . . . . . . . 3

        A.    Plaintiff Cannot Join a Party Where the Right To Relief
              Requested Is Separate and Distinct From the Claim Pending
              Before the Court  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.    Plaintiff Has Also Failed to Meet the Requirements of Rule 15(d)  . . . . . 5

    II    THE ELEVENTH AMENDMENT BARS PLAINTIFF'S 1983
        CLAIMS AGAINST THE NEW YORK STATE CRIME
        VICTIM'S BOARD  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    III    PLAINTIFF LACKS STANDING AS THERE IS NO ACTUAL
        CASE OR CONTROVERSY BETWEEN PLAINTIFF AND
        THE CRIME VICTIM'S BOARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    IV    THIS COURT DOES NOT HAVE JURISDICTION OVER
        THE SUPPLEMENTAL CLAIMS PURSUANT TO
        28 U.S.C. § 1367  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        A.    28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        B.    This Court Should Decline To Exercise Supplemental
              Jurisdiction over Plaintiff's State Law Claims . . . . . . . . . . . . . . . . . 12

Page

C.  The Declaratory Judgment Act Does Not Confer Jurisdiction
    Over a State Law Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

V   PLAINTIFF'S PREEMPTION AND TAKINGS CHALLENGES
    MUST FAIL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

    A.  Preemption . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

    B.  Plaintiff's Claim That Executive Law § 632-a Acts
        As An Unconstitutional Takings Must Be Dismissed . . . . . . . . . . . . .  19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

# TABLE OF AUTHORITIES

**Cases**                                                                       **Page**

Allen v. The Stephan Co.,
    1996 U.S. Dist. LEXIS 14211 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Allen v. Wright,
    468 U.S. 737 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bad Frog Brewery, Inc. V. New York State Liquor Authority,
    134 F.3d 87 (2d Cir. 198) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Beeks v. Hundley,
    34 F.3d 658 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,18

Bornholdt v. Brady,
    869 F.2d 57 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bray v. City of New York,
    2004 U.S. Dist. LEXIS 25722 (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13,14

Brown v. Stone,
    66 F. Supp.2d 412 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Building & Construction Trades Council v. Associated Builders and Contractors,
    122 L. Ed. 2d 565, 113 S. Ct. 1190 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Castellano v. Board of Trustees of the Police Officers' Variable Supplements Fund,
    937 F.2d 752 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Clinton v. City of New York,
    524 U.S. 417 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Colondres v. Scoppetta,
    290 F. Supp.2d 376 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Dellmuth v. Muth,
    491 U.S. 223 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Felder v. Casey,
    487 U.S. 131, 101 L. Ed. 2d 123, 108 S. Ct. 2302 (1988) . . . . . . . . . . . . . . . . . . . . . . 18

iii

**Case**
**Page**

Hom v. Brennan,
    304 F. Supp. 2d 374 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kai Wu Chan v. Reno,
    916 F. Supp. 1289 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Long Island Lighting Co. v. Cuomo,
    666  F. Supp. 370 (N.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Mejia v. City of New York,
    2004 U.S. Dist. LEXIS 25058 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . 19, 20, 21

Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty Co.,
    497 F.2d 1151 (2d Cir. 1974), cert. denied, 419 U.S. 968, 95 S. Ct. 232
    (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Papasan v. Allain,
    478 U.S. 265 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pennhurst State School & Hospital v. Halderman,
    465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Quaratino v. Tiffany & Co.,
    71 F.3d 58 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Quartararo v. Hoy,
    113 F. Supp. 2d 405 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

Quern v. Jordan,
    440 U.S. 332 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Robertson v. Wegmann,
    436 U.S. 584 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Ruffolo v. Oppenheimer & Co.,
    987 F.2d 129 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sadler v. State of Connecticut Supreme Court,
    2005 U.S. Dist. LEXIS 112 (D.C. Conn. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Case**
**Page**

Santiago v. N.Y.S. Department of Correctional Services,
 945 F.2d 25 (2d Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 1094 (1992)  . . . . . . . . . . . . . . . . . 8

Schulz v. Internal Revenue Services,
 395 F.3d 463 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Seabrook v. Jacobson,
 154 F.3d 70 (1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Seminole Tribe of Florida v. Florida,
 517 U.S. 44 (1996)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Shain v. Ellison,
 356 F.3d 211 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Trotman v. Palisades Interstate Park Commission,
 557 F.2d 35 (2d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Valencia v. Lee,
 316 F.3d 299 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Wright v. Giuliani,
 2000 U.S. Dist. LEXIS 8322, 2000 WL. 777940 (S.D.N.Y. June 14, 2000)  . . . . . 13, 14

Young v. New York City Transit Authority,
 903 F.2d 146 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

v

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MICHAEL QUARTARARO,

               Plaintiff,                        93 Civ. 4059(JS)

    - against -                _____

PATRICK HOY, et al.,

               Defendants.

_____


### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT AND JOIN A PARTY TO THIS ACTION

### Preliminary Statement

Defendants Parole Officer Patrick Hoy, Parole Officer Philip DeLuca, and Parole Officer, John Callender, all employees of the New York State Division of Parole and Superintendent Brian Fischer, retired Deputy Superintendent William Lester and Corrections Counselor Rudolph F. Jeffries, all current or former employees of the New York State Department of Correctional Services, submit this memorandum in opposition to plaintiff's motion to supplement the complaint and to join a new party to this action.

By this motion plaintiff seeks to join a new party - the New York State Crime Victim's Board to this action - and seeks an advisory opinion from this Court so that he may determine whether it is economically feasible for him to proceed with this action. Because, however, plaintiff fails to meet with the requirements for joinder of a new party, for supplementing the pleadings and because any supplemental complaint would be subject to a motion to dismiss on the grounds that the claims are futile, plaintiff's motion should be denied.

## STATEMENT OF THE RELEVANT FACTS

**A.     Prior proceedings**

Plaintiff brought this 42 U.S.C. § 1983 action alleging, _inter alia_, that his due process rights had been violated when he was removed from the Temporary Work Release Program in February 1998.  By decision dated September 25, 2000, this Court denied defendants' motion for summary judgment and granted plaintiff's motion for summary judgment on the due process claim.  The Court ordered that plaintiff be placed back on the work release program and set the matter down for a trial on damages. Specifically, the Court stated that the issues to be resolved were the amount that plaintiff would be entitled to, "the period of time for which plaintiff is entitled to damages," and "the amount of damages, if any, attributable to each defendant."  Quartararo v. Hoy, 113 F. Supp.2d 405, 419 (E.D.N.Y. 2000).

Thereafter, the parties entered into settlement negotiations, with defendants making their first settlement offer on November 14, 2001.  Affirmation of Rebecca Ann Durden, executed on May 8, 2005, at ¶ 3  ("Durden Aff.").  At all times, the parties mutually agreed to seek a stay of the trial as the parties negotiated in good faith.  (Durden Aff., at ¶ 4).  In late 2004, however, settlement negotiations broke down and defendants advised the Magistrate Judge that they were ready to proceed to trial.  To date, neither the terms of a settlement nor an amount of settlement have been agreed upon by the parties. (Durden Aff., ¶ 5 ).

**B      New York Executive Law § 632-a**

Pursuant to Executive Law § 632-a, when the value of the funds of a convicted person exceeds ten thousand dollars, notice must be given to the Crime Victim's Board.  Executive Law  § 632(a)(2)(a-b).   The Crime Victim's Board is then required to give notice of such funds to the crime victim. Executive Law  § 632(a)(2)(c)) .  The crime victim then has three years in which to bring a civil action

to recover money damages from a person convicted of the crime.  Executive Law § 632(a)(3).  Finally, where the funds consist of compensatory damages recovered by a convicted person in a civil action, a crime victim's judgment "shall not be subject to execution or enforcement against the first ten percent of the portion of such funds that represents compensatory damages in the convicted person's action...."  Executive Law § 632(a)(3), Civil Practice Law and Rules, § 5205(k).

## ARGUMENT

## I

## PLAINTIFF CANNOT MEET THE STANDARD FOR JOINING A NEW PARTY TO THIS ACTION

### A.      Plaintiff Cannot Join a Party Where the Right To Relief Requested Is Separate and Distinct From the Claim Pending Before the Court

In bringing this motion to supplement the pleadings, plaintiff conveniently ignores the fact that he seeks not only to supplement the pleading with a new claim, but to join a new party.  Federal Rules of Civil Procedure, Rule 20(a), provides in part:

> All persons ...may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series or transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Here, plaintiff cannot meet the requirements of Rule 20 for joining the Crime Victim's Board as a party to this action.  Plaintiff's proposed claims against the Crime Victim's Board do not arise out of the same "transaction, occurrence or series of transaction or occurrences."  Moreover, there is no question of law or fact that is common to the defendants in this action and the Crime Victim's Board.  To the contrary, the issues are separate and distinct.  As this Court has held, the questions remaining in this case are to what extent each defendant may be liable to plaintiff and the amount of damages plaintiff is entitled to relating to his removal from the work release program.  The proposed claims against the Crime

3

Victim's Board all have to do with the interpretation and constitutionality of New York Executive Law § 632-a and its effect on plaintiff's ability to forego recovering funds from the defendants so as to shield those funds from his victim's mother.

In Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty Co., 497 F.2d 1151 (2d Cir. 1974), cert. denied, 419 U.S. 968, 95 S. Ct. 232 (1974). The Second Circuit affirmed this Court's dismissal of plaintiffs' class action against 164 insurance companies. The Court held that the plaintiffs lacked standing and had misjoined parties. In holding that the plaintiffs had failed to comply with Rule 20(a) of the Federal Rules of Civil Procedure the Court noted that "here there has been no showing of a right to relief arising from the same transaction or series of transactions. No allegation of conspiracy or other concert of action has been asserted. No connection at all between the parities engaged in by each of the 164 defendants has been alleged. Their actions as charged were separate and unrelated, with terminations occurring at different times for different reasons with regard to different agents" Nassau County Association of Insurance Agents, Inc., 497 F.2d at 1154. See also Kai Wu Chan v. Reno, 916 F. Supp. 1289, 1303 (S.D.N.Y. 1996) (motion to amend to add two additional plaintiffs denied as futile; plaintiffs could not add two additional plaintiffs where the original plaintiffs challenged the Government's failure to grant their immigration applications based on an interpretation of the Immigration and Naturalization Act, the Chinese Student Protection Act and an Executive order and the plaintiffs sought to be added claimed that they were denied adjustment status because of the Government's interpretation of a ninety-day exclusion. "They do not allege that the Government's failure to adjust their status resulted from any of the interpretations or actions alleged by the other parties to have underlay their failures to receive adjustment. There is, then, no common series of occurrences or transaction underlying the claims of the [proposed parities] and those of the other plaintiffs and proposed

plaintiffs.").

Here, plaintiff does not and cannot make any showing that his alleged right to relief against the Crime Victim's Board arises out of the denial of due process by the individual defendants. Rather, unable to meet the requirements or Rule 20, plaintiff chooses instead to ignore the Rule. It is undisputed, however, that the individual defendants have no interest in whether plaintiff is subject to the requirements of New York Executive Law. The only issue relevant to the individual defendants is whether they are personally liable to plaintiff for compensatory damages arising from his removal from work release.

Regarding Executive Law § 632-a, the requirement that the Crime Victim's Board notify the crime victim comes into play only after this action is settled or an award is made at trial. Thus, there is no possible argument that can be made that the constitutionality of New York Executive Law arises out of the same transaction as plaintiff's due process violation. Accordingly, because plaintiff has failed to meet the requirements of Rule 20, the motion must be denied.

**B.**     **Plaintiff Has Also Failed to Meet the Requirements of Rule 15(d)**

Plaintiff also fails to meet the requirements of Federal Rules of Civil Procedure, Rule 15(d). A Court may grant a motion to serve a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Here, plaintiff does not seek to supplement the pleadings with events that have taken place since the date of the last pleading, but rather seeks to use this action to obtain an advisory opinion regarding Executive Law § 632-a.

In support of his argument that the Court should grant permission to supplement the pleadings, plaintiff states that "permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties and will not cause undue delay

5

or trial inconvenience."  Memorandum of Law, at p. 1 (citing Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995), Bornholdt v. Brady, 869 F.2d 57, 69 (2d Cir. 1989)(additional citation omitted)).  In Quaratino v. Tiffany & Co., the Court noted, however, that "supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading."  Quaratino, 869 F.2d at 66 (citing Bornholdt v. Brady, 869 F.2d 57, 68 (2d Cir. 1989)).  In Quaratino, the Court allowed the supplemental pleading where plaintiff originally brought suit alleging employment discrimination based on pregnancy.  The Court allowed the plaintiff to supplement to add a claim alleging retaliation for having filed a charge of discrimination with the Equal Employment Opportunity Commission.  Quaratino, 869 F.2d at 66.

As stated before, plaintiff's challenge to Executive Law 632-a is in no manner connected to the original pleading, which alleged a violation of plaintiff's due process rights relating to his removal from work release.  Accordingly, far from supporting the proposition that plaintiff should be allowed to supplement his pleadings to add the Crime Victim Board and claims against it, Quaratino actually stands for the proposition that where the claims are totally unrelated, this Court should deny leave to supplemental the pleadings.

Plaintiff's contention that the supplemental claims and joinder of an additional party will "assist in bringing closure to the Section 1983 action" and will not prejudice defendants must also be rejected.  Plaintiff's Memorandum of Law, at p. 1.  Plaintiff contends that a "primary issue delaying the settlement of this matter has been the status of these monies under Section 632-a, and disposition of the supplemental claims will resolve the status."  Plaintiff's Memorandum of Law, at p. 5.  While plaintiff is obviously correct that he has refused any of defendants' settlement offers based on his fear that the monies would be subject to Executive Law  § 632-a, to say that resolution of this issue will bring about

6

a disposition to this action is incorrect.

At this time, there is no settlement agreement between the parties, the parties have not agreed to any settlement terms, nor have the parties agreed to a settlement amount. Durden Aff., at ¶ 5. To the contrary, at the conference held in late 2004, defendants advised the Magistrate Judge that they were prepared to proceed to trial in this matter. Durden Aff., at ¶ 5. While plaintiff is correct that defendants agreed to a stay of the trial pending settlement negotiations, plaintiff's claim (Affirmation of Michael Martin, at ¶ 4) that defendants waited until more than five years after this Court's decision on the summary judgment motion to make a settlement offer is false.

Defendants have negotiated in good faith since 2001 and made their first settlement offer on November 14, 2001. Durden Aff., at ¶ 3. Once, however, plaintiff advised defendants that there would be no settlement agreement unless plaintiff was assured that he would not be subjected to Executive Law §632-a, defendants advised the Magistrate Judge that they were prepared to go to trial. Durden Aff., at ¶ 5. The defendants have no legal interest in the interpretation of Executive Law § 632-a. It is only plaintiff who has an interest in determining whether it is financially beneficial for him to continue this lawsuit.

Accordingly, because plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure, Rule 15(d) plaintiff's motion should be denied. Plaintiff's motion, however, may be denied on alternative grounds as well. It is well established that "if an amendment is futile, 'it is not an abuse of discretion to deny leave to amend' to the moving party" Hom v. Brennan, 304 F. Supp.2d 374 (E.D.N.Y. 2004)(quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). "A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Rule 12(b)(6). Hom, 304 F. Supp.2d at 379 (additional citations omitted).

## II

## THE ELEVENTH AMENDMENT BARS PLAINTIFF'S
## 1983 CLAIMS FOR INJUNCTIVE RELIEF AGAINST THE
## NEW YORK STATE CRIME VICTIM'S BOARD

The Eleventh Amendment to the United States Constitution bars a suit in a Court of the United States by a citizen of a state against that state, or one of its agencies, absent its consent to such a suit or an express statutory waiver of immunity.  Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Papasan v. Allain, 478 U.S. 265, 276 (1986).  These two exceptions to absolute immunity -- the state's consent to be sued or Congress's intent to abrogate the state's immunity from suit -- must be unmistakably clear and unequivocal.  Seminole; Dellmuth v. Muth, 491 U.S. 223, 227-28 (1989).

It is well settled that the State of New York and its agencies, have  not consented to suit in federal court.  See Trotman v. Palisades Interstate Park Commission, 557 F.2d 35, 38-40 (2d Cir. 1977).  Moreover, the provisions of 42 U.S.C. § 1983 were not intended to override a state's immunity.  Quern v. Jordan, 440 U.S. 332, 343 (1979).  Nor is the State's Eleventh Amendment immunity overridden by raising a due process claim directly under the Fourteenth Amendment.  See Santiago v. N.Y.S. Dept. of Correctional Services, 945 F.2d 25, 32 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992).  Therefore, the Eleventh Amendment absolutely bars suit under Section 1983 or directly under the Fourteenth Amendment against the State of New York or one of its agencies regardless of the relief sought.  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-101 (1984).

Accordingly, leave to supplement the complaint and join a new party should be denied as futile since any claim against the Crime Victim's Board is barred by the Eleventh Amendment to the United States Constitution

8

### III

### PLAINTIFF LACKS STANDING AS THERE IS NO ACTUAL CASE OR CONTROVERSY BETWEEN PLAINTIFF AND THE CRIME VICTIM'S BOARD

"It is well-established that 'Article III of the Constitution confers the jurisdiction of the federal courts to actual 'Cases' and 'Controversies.'" Schulz v. Internal Revenue Services, 395 F.3d 463 (2d Cir. 2005)(quoting Clinton v. City of New York, 524 U.S. 417 (1998)).

> To demonstrate the standing necessary to invoke the jurisdiction of the federal courts [plaintiff] must 'allege personal injury fairly traceable to the defendants' allegedly unlawful conduct and likely to be redressed by the requested relief' This injury may not be speculative or abstract, but must be distinct and definite.

Schulz, 395 F.3d 463, at ___, 2005 U.S. App. LEXIS 1238, *3 (quoting Allen v. Wright, 468 U.S. 737, 751 (1984). See also Shain v. Ellison, 356 F.3d 211, at 215 (2d Cir. 2004)("In order to meet the constitutional minimum of standing to seek injunctive relief, [plaintiff] must carry the burden of establishing that 'he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct.' City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983)" "[A]bstract injury is not enough; rather 'the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or hypothetical.'O'Shea v. Littleton, 414 U.S. 488, 495-496 (1974) Golden v. Zwickler, 394 U.S. 103 (1969)."

In Schulz, the plaintiff appealed from the District Court decision which held that he lacked standing to challenge administrative summonses seeking testimony and documents in connection with an Internal Revenue Service  investigation because "the IRS had not commenced a proceeding to enforce the summonses, ...[plaintiff] was under no threat of consequence for refusal to comply and, until such time as the IRS chose to pursue compulsion in a United States district court, no case or controversy existed." Schulz, 2005 U.S.App. LEXIS 1238, *1-2.  In affirming the District Court's

9

decision, the Second Circuit noted that until the IRS sought enforcement  through a federal court, IRS summonses apply no force or consequence to the individual served.  Schulz, 2005 U.S.App. LEXIS 1238, * 5.

Here, there is no case or controversy between the Crime Victim's Board and the plaintiff.  For an actual case or controversy to exist, plaintiff must recover funds, notice must be given to the Board, the Board must notify the crime victim and the **crime victim must bring suit against the plaintiff** and must recover more than plaintiff recovers in this lawsuit**.**  None of these contingencies has occurred, therefore, any injury is speculative or abstract and not distinct and definite.

**IV**

**THIS COURT DOES NOT HAVE JURISDICTION OVER
THE SUPPLEMENTAL CLAIMS PURSUANT TO 28 U.S.C. § 1367**

Assuming <u>arguendo</u> that plaintiff had named a proper party to the supplemental complaint, and assuming <u>arguendo</u> he had met the requirements for joinder and for supplemental pleading, this Court should still deny the motion since this Court lacks jurisdiction over the proposed supplemental claims.

**A.**     **28 U.S.C. § 1367**

Plaintiff contends that this Court has jurisdiction over the supplemental claims pursuant to 28 U.S.C. § 1367, which provides in part: "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

Here, plaintiff is attempting to bring claims against the Crime Victim's Board that are totally unrelated to the claims presently before the Court.  By this 42 U.S.C. § 1983 action,  plaintiff alleged

10

a due process violation relating to his removal from the work release program.  The only remaining

defendants are William Lester, Philip DeLuca and Rudolph Jeffries, the members of the Temporary

Release Committee, Brian Fischer, the former Superintendent of Queensboro Correctional Facility,

Patrick Hoy, the Area Supervisor and Robert Callendar, a Senior Parole Officer.  The only remaining

issue is the extent that each defendant, if at all, is personally liable to plaintiff.  <u>Quartararo v. Hoy</u>,

113  F. Supp.2d at 419.  The issue of whether plaintiff is permitted to keep any money recovered or

whether any money recovered would be subject to New York Executive Law § 632-a is of no interest

to the remaining defendants and has no bearing on the issue of whether plaintiff's due process rights

were violated by his removal from work release and the amount of any damages to which he is

entitled.   Moreover, as set forth herein, this Court lacks jurisdiction as plaintiff's claims against the

Crime Victim's Board are barred by the Eleventh Amendment to the United States Constitution.   <u>See</u>

<u>supra</u>, at pp. 8-9.

**B.** **This Court Should Decline To Exercise Supplemental**
    **Jurisdiction over Plaintiff's State Law Claims**

To the extent that plaintiff seeks to bring the supplemental claims under 28 U.S.C. § 1331, this Court should decline to exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1331(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - (1) the claim raises a novel or complex issue of State law...."  Here, plaintiff seeks to bring an action, inter alia, seeking a declaratory judgment as to the interpretation of "earned  income" as used in Executive Law § 632.  Plaintiff also seeks a declaratory judgment holding that "Section 632-a violates the due process clause of the New York State Constitution by effecting an unreasonable statute of limitations reviver."  Proposed Supplemental Complaint, ¶¶ 32 & 34.  These issues have yet to be decided by the state courts and involve  novel and complex issues of state law.

In Bray v. City of New York, 2004 U.S.Dist. LEXIS 25722 (S.D.N.Y.), the defendants moved to enjoin the plaintiffs from holding Critical Mass bicycle rides in New York city without a Parks Department or parade permit.   Bray, 2004 U.S.Dist. LEXIS 25722, * 1.  The defendants' counterclaims were brought against not just the five individual plaintiffs, but all participants in the Critical Mass bicycle rides held in New York and were brought under New York General City Law § 20(22).   The plaintiffs opposed the motion for a preliminary injunction and moved to dismiss the counterclaim arguing that the Court should decline to exercise supplemental jurisdiction or in the alternative abstain because the counterclaim involved complex state administrative procedures.  Bray, 2004 U.S.Dist. LEXIS 25722, *11.

In declining to exercise supplemental jurisdiction, the Court noted that "[w]here a pendent state law claim turns on novel or unresolved questions of state law, especially where those questions

12

concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts." Bray, 2004 U.S.Dist. LEXIS 25722, *15 (quoting Seabook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)).   At issue in Bray was the meaning of the terms "parade or possessions" as  used in the Administrative Code.

The New York City Administrative Code provides that "[a] procession, parade, or race shall be permitted upon any street or in any public place only after a written permit therefore has been obtained from the police commissioner." N.Y.C.Admin. Code 10-110(a).  At issue, therefore was whether the critical mass was a parade or procession.  Significantly, the Court noted that "neither party has directed this court to any decision - either by a state or federal court - interpreting the phase "parade or procession' as used in the Administrative Code."  Bray 2004 U.S.Dist. LEXIS 25722, *17 (citing Walsh v. Nat'l Westminister Bancorp., Inc., 921 F. Supp. 168, 174 (S.D.N.Y. 1995)("declining to exercise supplemental jurisdiction because 'neither party has cited any New York cases on this issue.'")).   Accordingly, because the parties were unable to provide any cases discussing the applicability of the parade permit requirement, the Court held that "the City's counterclaim presents novel questions of state and local law, which militate strongly against exercising supplemental jurisdiction." Bray, 2004 U.S.Dist. LEXIS 25722, *18 (citing Bad Frog Brewery, Inc. V. New York State Liquor Auth., 134 F.3d 87, 102 (2d Cir. 198); Seabrook v. Jacobson, 154 F.3d 70,  72 (1998); Wright v. Giuliani, 2000 U.S.Dist. LEXIS 8322, 2000 WL 777940, at * 8 (S.D.N.Y. June 14, 2000)("declining supplemental jurisdiction because 'the state and local law claims at issue...present novel questions regarding the interpretation of state common law and a City ordinance.'")).

While the Court went on to hold that the defendants' state law counterclaim did not

substantially predominate over the plaintiff federal claims, the Court nonetheless declined to entertain defendant's counterclaim because it did not serve the interest of economy, convenience, fairness and comity.  Bray,  2004 U.S.Dist. LEXIS 25722, *20.  "Lastly, comity dictates that this Court avoid entanglement in the enforcement of local laws involved novel questions.  Judicial restraint is the prudent course where the path through state and local law is not illumined." Bray,  2004 U.S.Dist. LEXIS 25722, *27 (citing, Valencia v. Lee, 316 F.3d 299, 307-308 (2d Cir. 2003)("holding that the district court abused its discretion by retaining jurisdiction over state claims which 'raised unsettled questions of New York law'"); Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998); Castellano v. Bd. of Trustees of the Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir. 1991); Wright v. Giuliani, 2000 U.S. Dist. LEXIS 8322, *8 (S.D.N.Y. June 14, 2000)).  See also Young v. New York City Transit Authority, 903 F.2d 146, 163-164  (2d Cir. 1990)(district court lacked subject matter over claim that New York Penal Law § 240.35(l) is unconstitutional under New York State law - "[t]he constitutionality under the New York State Constitution of a  New York Penal Law provision presents no federal questions....Although the doctrine of pendent jurisdiction is one of flexibility and discretion, it is fundamental that 'needless decision of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a suer-footed reading of applicable law" A district court ought not 'reach out for...issues, thereby depriving State courts of opportunities to develop and apply State law.").

Here, this Court should decline to exercise supplemental jurisdiction over the state law claims. Plaintiff contends that "Section 632-a violates the due process clause of the New York State Constitution by effecting an unreasonable statute of limitation reviver."  Proposed Supplemental Complaint,  at ¶ 32.   And "Section 632-a does not apply to damages that compensate Plaintiff for

14

lost wages in the Section 1983 action, as these funds fall into the "earned income" exception of 632-a. Proposed Supplemental Complaint, at ¶ 34.  Clearly, the definition of "earned income" for purposes of 632-a is a "novel question regarding the interpretation" of state law.  In the interest of comity, this Court should decline to exercise jurisdiction over what is clearly an issue of state law - the meaning of the term "earned income" as used in Executive Law § 632-a.  The meaning of this term is an important part of New York's law to provide compensation to crime victims.  As  such, this Court should decline to exercise supplemental jurisdiction.

**C..**      **The Declaratory Judgment Act Does Not Confer Jurisdiction over a State Law Claim**

        Plaintiff seeks to have this Court issue an advisory opinion on whether any damages recovered as  lost wages would constitute earned income under Executive Law 632-a.  Plaintiff seeks to do so by requesting a declaratory judgment.  Because, however, this is a matter of state law, this Court does not have jurisdiction over plaintiffs state law claims.

> An action pursuant to 42 U.S.C. 1983 is available to redress violation of rights guaranteed by the federal constitution, laws or treaties.  Section 2983 may not be used to seek redress for violations s of state law by state officials.    ....

> [Plaintiff cannot transform his state law claim for alleged violations of a state statute into a federal claim by seeking a declaration of his rights under state law.  The Declaratory Judgment Act, 28 U.S.C. 2201, does not expand the jurisdiction of the federal courts; it cannot be used to confer federal jurisdiction over a suit seeking the declaration of rights under state law.

Sadler v. State of Connecticut Supreme Court, 2005 U.S.Dist. LEXIS 112, *6-7 (D.C. Conn. 2005). Here, plaintiff seeks to have this Court issue an advisory opinion as to whether a state court should interpret earned income as used in 632-a to encompass damages recovered in a 1983 action.  This is clearly a matter of state law, which is best left to the state courts.

        Regarding plaintiff's federal claims, "[a]lthough the Declaratory Judgment Act empowers the

federal courts to entertain actions for declaratory relief where the basic requirements for a declaratory judgment are met, the exercise of jurisdiction over such actions is not mandatory." <u>Allen v. The Stephan Co.</u>, 1996 U.S.Dist. LEXIS 14211, *4-5 (S.D.N.Y. 1996).  Accordingly, even if plaintiff were to meet the requirements of the Declaratory Judgment Act - "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" this Court should decline to exercise its jurisdiction.  <u>Allen</u>, 1996 U.S.Dist. LEXIS 14211, *5.

## V

### PLAINTIFF'S PREEMPTION AND TAKINGS CHALLENGES MUST FAIL

**A.    Preemption**

Plaintiff contents that Executive Law § 632-a is unconstitutional in that it interferes with Congress's intent to provide a remedy for violations of individual civil rights by state actors. Therefore, plaintiff contends that 42 U.S.C. § 1983 preempts Executive Law § 632-a.  This argument must fail.

In <u>Brown v.  Stone</u>, 66 F. Supp.2d 412 (E.D.N.Y. 1999), plaintiffs challenged, <u>inter</u> <u>alia,</u>  the policy whereby the Office of Mental Health ("OMH") sought "payment for its treatment and care costs from the proceeds of damage awards recovered by patients or former patients in litigation brought against OMH or its employees." <u>Brown</u>, 66 F. Supp.2d at  417.  Plaintiff's argued that OMH was preempted from seeking payment by 42 U.S.C. § 1983; arguing that if OMH is permitted to collect funds from monies recovered in a § 1983 action, "it would thwart the deterrent effect of this statute because OMH would have less of an incentive to safeguard the civil rights of its patients." <u>Brown</u>, 66 F. Supp.2d at 437.  The Court rejected plaintiffs' preemption argument, holding that "the

16

logical conceptual reach of plaintiffs' § 1983 claim would immunize all civil rights recoveries in any § 1983 litigation by one indebted to the State since the issue of deterrence would always be implicated. See Hankins v. Finnel, 964 F.2d 853, 865 n.4 (2d Cir. 1992)(dissenting opinion). There is simply no warrant for such an amorphous and arbitrary application of the preemption doctrine." Brown, 66 F. Supp.2d at 439.

In the present case, the argument against preemption is even stronger. It is not the State seeking to recover funds by plaintiff in this 42 U.S.C. § 1983 action. Rather, should the victim's mother choose to file a lawsuit, it would be the victim's mother - a private citizen - seeking to recover for the wrongful death of her son.

The very issue of whether a victim's restitution act was preempted by 42 U.S.C. § 1983 was addressed by the Eight Circuit in Beeks v. Hundley, 34 F.3d 658 (8th Cir. 1994). In Beeks the Eighth Circuit addressed the issue of "whether 1983 preempts the seizure of an inmate's 1983 damage recovery to pay victim restitution under Chapter 910 of the Iowa Code." The Iowa Victim Restitution statute requires that an offender be ordered to pay restitution to the victims of his criminal action. The statute further provides that "restitution may be deducted 'from a credit to an inmate's account from an outside source by written authorization from the inmate, approval from the warden/superintendent, or by court order.'" Beeks, 34 F.3d at 659 (citing Iowa Admin. Code 201-20.11(a)).

In Beeks four inmates recovered a judgment for violations of the fourteenth amendment in an action brought pursuant to 42 U.S.C. § 1983. Two of the inmates deposited the judgment proceeds in their prison accounts, and prison officials sized all but $50 to satisfy the inmates' obligations under the Iowa Victim Restitution act. In addressing the issue of preemption, the Eight Circuit noted that

17

The general principles of conflict preemption are rather contradictory. On the one hand, 'we are reluctant to infer pre-emption; because 'consideration under the Supremacy Clause starts with the basic assumption that Congress did not intend to displace state law.' Building & Constr. Trades Council v. Associated Builders and Contractors, 122 L. Ed. 2d 565, 113 S. Ct. 1190, 1194 (1993) (internal quotations omitted). On the other hand, the commonly stated test for conflict preemption is quite broad – state law is preempted if it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' – and was expressly applied in a 1983 case. Felder v. Casey, 487 U.S. 131, 138, 101 L. Ed. 2d 123, 108 S. Ct. 2302 (1988) (internal quotations omitted).

Beeks, 34 F.3d at 661. Despite the broad test for determining if a state law is preempted, the Eighth Circuit held that 42 U.S.C. § 1983 did not preempt the Iowa Victim Restitution Act.

To be sure, [plaintiffs] have been deprived of the immediate benefit of the diverted portions of their § 1983 money judgment. But under the Iowa statute, the diverted payments satisfy a portion of the inmates' restitution orders -- debts that constitute a judgment and lien against all their property and, significantly, are enforceable after their prison sentences have been served. Thus, from a financial standpoint, the inmates received virtually all the benefit of their § 1983 money judgment when the proceeds were applied to satisfy their restitution debts.

Beeks, 34 F.3d at 661. See also Colondres v. Scoppetta, 290 F. Supp.2d 376 (E.D.N.Y. 2003)(rejecting argument that allowing City to place a lien on monies recovered in a 1983 action pursuant to Rule 68 judgment interfered with the purpose of 1983).

Here, should the victim's mother seek to bring an action against plaintiff and should a state court hold that the monies recovered by plaintiff do not constitute earned income, any monies recovered in this action will be used to satisfy the judgment. Thus, plaintiff will have received the benefits of a money judgment because that money will go to satisfy his legal and financial obligation to the victim's mother. The fact that plaintiff has stated that he may choose to forgo monetary compensation rather than face civil liability does not change the analysis. As the United States Supreme Court has recognized, "A state statute cannot be considered 'inconsistent' with [§ 1983] merely because the statute causes the plaintiff to lose the litigation," Robertson v. Wegmann, 436

18

U.S. 584, 593.  Accordingly, plaintiff's preemption claim cannot survive a motion to dismiss and is therefore, futile.

**B.      Plaintiff's Claim That Executive Law § 632-a Acts As An Unconstitutional Takings Must Be Dismissed**

Plaintiff contends that his "property interest in the outcome of this Section 1983 action has been destroyed by Section 632-a." Plaintiff's  Memorandum,  at p. 10.  Plaintiff's claim, however, is futile as it is subject to a motion to dismiss as unripe.  "The Takings Clause of the Fifth Amendment provides "nor shall private property be taken for public use, without just compensation."   Mejia v. City of New York, 2004 U.S.Dist. LEXIS 25058 (S.D.N.Y. 2004)(quoting U.S. CONST. AMEN V). "The purpose of the Takings Clause is to prevent the government 'from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" Mejia, 2004 U.S.Dist. LEXIS 25058, *14 (quoting Armstrong v. United States, 364 U.S. 40, 49 (1960)).

To determine whether a plaintiff has stated a Takings Claim "[f]irst, plaintiff must allege that the government entity changed with enforcing the regulations at issue rendered 'final decision' Second, plaintiff must allege that he sought compensation if the state provides a 'reasonable, certain and adequate provision for obtaining compensation.'"   Mejia, 2004 U.S.Dist. LEXIS 25058, *17-18 (quoting Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 185-86, 194-95 (1985)).

In Mejia, plaintiffs were infant recipients of Medicaid assistance from the City of New York. Under the Medicaid program, "medical recipients are required to assign to the State of New York the right to seek reimbursement from any third party up to the amount of medical assistance paid."  In the alternative, "the State, through the appropriate agency, may pursue reimbursement by placing a line

19

on personal injury suits brought by a Medicaid recipient against the responsible party." Mejia, 2004

U.S.Dist. LEXIS 25058, *3-4

In Mejia, the plaintiffs suffered from long term disabilities for which they received Medicaid.

Plaintiffs, however, bought medical malpractice lawsuits that resulted in settlement offers.  Plaintiffs

did not challenge the propriety of the lien against their settlement, but rather the amount the city

alleged it was owed for the cost of medical care.  Plaintiffs argued that the City pays these providers

additional amounts in excess of the actual cost of medial care and therefore should not be included in

the amount sought from their recovery.    In holding that the plaintiffs had failed to state a Takings

Claim, the Court noted that with respect to two of the plaintiffs because "no payment has yet been

made by plaintiff....", the claim was unripe.  Mejia, 2004 U.S.Dist. LEXIS 25058, *18 (citing Long

Island Lighting Co. v. Cuomo, 666 F. Supp. 370, 395 (N.D.N.Y. 1987)("finding that 'until an actual

taking has occurred, and action under the takings clause does not lie.'").  With regard to the third

plaintiff, the Court rejected the claim as unripe as the plaintiff failed to allege that he sought

compensation from the state.

> Plaintiffs, however, do not allege that they have initiated any post-deprivation
> procedures to recover their lost property.  Plaintiffs' complaint is devoid of any
> allegation that Plaintiffs sought and were denied just compensation for the alleged
> takings under New York State's available procedures.  Furthermore, plaintiffs make
> no allegations that these available sate procedures were unreasonable, uncertain or
> inadequate.  Plaintiff, therefore, have failed to satisfy the second requirement of the
> Williamson test and their takings claim under the Fifth Amendment must be dismissed
> as unripe for judicial review.

Mejia, 2004 U.S.Dist. LEXIS 25058, *21.

Here, plaintiff's taking claim must be dismissed as unripe.  Plaintiff contends that "his

property interest in the outcome of this Section 1983 action has been destroyed by Section 632-a."

Plaintiff, however, fails to sate a claim for a Takings Claim.  First, pursuant to Section 632-a, notice

must be given.  After which, the victim's mother may file a lawsuit.  Only upon the completion would the money be taken.  Thus, until that time, any alleged Takings Claim is unripe and must be dismissed.

Second, plaintiff has failed to allege that there are insufficient post-deprivation procedures, totally ignoring the test set forth by the Supreme Court.

Third, and perhaps most important  the State is not seeking to take private property for public use, without just compensation.  Executive Law § 632-a allows for victims to recover from their assailant.  In this case, the law allows the victim's mother to recover from plaintiff - the very person held responsible for her son's death.  Executive Law § 632- in no way seeks to take private property for public use, but rather seeks to hold plaintiff personally responsible for his criminal acts.  Accordingly, plaintiff has failed to state a Takings Claim.

21

## CONCLUSION

For all the foregoing reasons, defendants respectfully request that plaintiff's motion to join a new party and to supplement the complaint be denied.

Dated:   New York, New York
             March 8, 2005

                                        Respectfully submitted,

                                        ELIOT SPITZER
                                        Attorney General of the
                                          State of New York
                                        Attorney for Defendants

                                  By:


                                        S/ Rebecca Ann Durden
                                        REBECCA ANN DURDEN (RAD 3974)
                                        Assistant Attorney General
                                        120 Broadway
                                        New York, New York 10271
                                        (212) 416-8653

REBECCA ANN DURDEN
Assistant Attorney General
 **of Counsel**