UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
MICHAEL QUARTARARO,

                        Plaintiff,          <u>ORDER</u>
                                            93-CV-4059(JS)(MDG)
            -against-

PATRICK HOY, et al.,

                        Defendants.
--------------------------------------X

Appearances:
For Plaintiff:      James A. Cohen, Esq.
                    Beth G. Schwartz, Esq.
                    Lincoln Square Legal Services, Inc.
                    33 West 60th Street
                    New York, NY 10023

For Defendants:     Rebecca A. Durden, Esq.
                    Office of the Attorney General
                    For the State of New York
                    120 Broadway
                    New York, NY 10271

SEYBERT, District Judge:

            Pending before the Court is Plaintiff Michael

Quartararo's ("Plaintiff" or "Quartararo") motion, pursuant to

Federal Rule of Civil Procedure 15(d), for leave to file a

supplemental pleading.  Plaintiff requests permission to join

members of the New York State Crime Victim's Board ("Crime Victims

Board" or "Board") as additional defendants, and assert additional

claims concerning the application of New York State Executive Law

§ 632-a, commonly known as the "Son of Sam Law."  For the reasons

explained below, Plaintiff's motion is DENIED.

BACKGROUND

In 1993, Plaintiff commenced a § 1983 action, alleging Defendants violated his due process rights by removing him from New York's Temporary Work Release Program ("Work Release Program"). Pursuant to several orders issued by this Court between 1999 and 2001, Plaintiff was granted summary judgment and Defendants were ordered to reinstate Plaintiff to the Work Release Program.  The Court also scheduled a hearing on the issue of damages.

The Parties conducted damages discovery and engaged in settlement negotiations under the supervision of Magistrate Judge Marilyn Go.  The settlement discussions reached an impasse due to the "constitutionality and vagueness" of § 632-a.  (Martin Affirmation at ¶¶ 5-6.)

On November 22, 2004, prior to filing the instant motion, Plaintiff sent a petition to the Crime Victims Board.  He requested a declaratory ruling that any damages awarded in this action would constitute "earned income" within the meaning of § 632-a.  (Id. ¶ 2.)  By letter dated January 14, 2005, the Board advised Plaintiff that it was unable to give a declaratory ruling.  (Id. ¶ 3; Ex. B.) Plaintiff then filed the instant application for leave to file a supplemental pleading.

DISCUSSION

Plaintiff requests leave to supplement his pleading to

2

include new claims for declaratory relief; specifically, Plaintiff seeks the following declarations: (1) federal law preempts § 632-a; (2) § 632-a violates the First Amendment; (3) § 632-a violates the New York State Constitution's due process clause; (4) § 632-a violates the Fifth Amendment's due process and takings clauses; and (5) any award he receives as compensation for wages lost due to wrongful removal from the Work Release Program do not trigger § 632-a because such wages constitute "earned income" within the meaning of the statute.  In order to obtain such relief, Plaintiff requests permission to join Crime Victims Board personnel as additional Parties.  The Court first sets forth the appropriate standard of review and then addresses Plaintiff's motion.

I.   <u>Standard of Review</u>

        Requests for leave to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) should be granted "when the supplemental facts connect [the supplemental pleading] to the original pleading" and "the opposing party is not prejudiced." <u>Quaratino v. Tiffany & Co.</u>, 71 F.3d 58, 66 (2d Cir. 1995).  Since Plaintiff seeks to add new defendants, the rules concerning joinder of new parties are also pertinent.  <u>Clarke v. Fonix Corp.</u>, No. 98-CV-6116, 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999).  Under Rule 20(a):

        All persons . . . may be joined in one action as

3

> defendants if there is asserted against them jointly,
> severally, or in the alternative, any right to relief in
> respect of or arising out of the same transaction,
> occurrence, or series of transactions or occurrences and
> if any question of law or fact common to all defendants
> will arise in the action.

Fed. R. Civ. P. 20(a).  In assessing joinder the Court is still "guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." Momentum Luggage & Leisure Bags v. Jansport, Inc., No. 00-CV-7909, 2001 WL 58000 at *2 (S.D.N.Y. Jan. 23, 2001) (internal quotations omitted) (collecting cases).

"District courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met." Elektra Entm't Group v. DOES 1-9, No. 04-CV-2289, 2004 WL 2095581, at *6 (S.D.N.Y. Sept. 8, 2004); see also Ghaly v. U.S. Dep't of Agric., 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002); Briarpatch Ltd. v. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000). Courts considering whether a plaintiff's claims arise from the same transaction or occurrence under Rule 20(a) must do so on a case by case basis.  See Elektra Entm't, 2004 WL 2095581 at *6; German v. Fed. Home Loan Mortgage Corp., No. 93-CV-6941, 1998 WL 812478, at *5 (S.D.N.Y. Nov. 16, 1998).  The phrase "same transaction or occurrence" in Rule 20(a) has been interpreted to include all "logically related claims." Lai v. Eastpoint Int'l, Inc., No. 99-CV-2095, 1999 WL 688466, at *2 (S.D.N.Y. Sept. 1, 1999); see also

German, 1998 WL 812478 at *5; Blesedell v. Mobil Oil Co., 708 F.
Supp. 1408, 1421-22 (S.D.N.Y. 1989).   As to the second prong of
Rule 20(a), only one common question of law or fact is required.
See Lai, 1999 WL 688466, at *2; Blesedell, 708 F. Supp. at 1422.

II.  Application

        Plaintiff's ability to supplement his pleadings and add
new parties hinges upon the relationship between his § 632-a claims
and his existing claims in this action.   After reviewing the
Parties' well-argued submissions, the Court finds that Plaintiff
has failed to establish that his new claims arise out of the same
transaction or occurrence or share at least one common question of
law or fact with his existing claims.   In addition, the Court finds
that supplementing the pleadings and adding defendants would delay
the resolution of this action.   Accordingly, Plaintiff's motion to
supplement his pleadings is DENIED.

        Plaintiff's existing claims concern the denial of his due
process rights.   They arise from his improper removal from
Defendants' Work Release Program.   In contrast, Plaintiff's
supplemental claims concern an entirely different factual
predicate: Plaintiff's potential loss of future settlement funds in
this case, and/or his exposure to suit by the victim's family
resulting from the operation of § 632-a.   The Court is hard-pressed
to conclude that the proposed claims, filed more than 10 years

5

after the original action was commenced, arise from the same transaction, occurrence, or facts as Plaintiff's § 1983 action. See Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004) (debt collection counterclaims concerning plaintiffs' non-payment arose after the contract price was set as opposed to discrimination claims relating to terms of purchase contracts); Nassau County Ass'n of Ins. Agents v. Aetna Life & Casualty Co., 497 F.2d 1151, 1154 (2d Cir. 1974) (terminations occurred at different times); Lai, 1999 WL 688466 at *2 (no chronological overlap between retaliatory acts and failure to pay overtime wages); German, 1998 WL 812478 at *6 (challenged conduct of current defendants occurred decades later than conduct of defendants to be joined).

Further, there are no common questions of law between the supplemental and existing claims. The proposed supplemental claims have nothing to do with the unconstitutional conduct of parole officers and officials. The claims present a constitutional challenge to the viability of an unrelated provision of New York's Executive Law. Notably, as explained above, the claims concern a challenge to the statute's potential application. Although Plaintiff argues that the supplemental claims would not have arisen but for Defendants' violation of his civil rights, "but for" causation "is not the sort of relationship" contemplated by the

"transaction or occurrence" test.   See Jones, 358 F.3d at 209 (rejecting the "but for" test).  Accordingly, the Court finds that the supplemental and existing claims do not involve common issues of law.

Finally, supplementing the pleadings and joining the members of the Crime Victim's Board at this juncture would delay the final disposition of this action.  While Plaintiff's proposed claims do not require extensive discovery, allowing those claims to proceed will nonetheless delay the resolution of this case. Plaintiff's proposed claims would "substantially alter the character and scope of the proceedings" beyond the issue of damages.  German, 1998 WL 812478, at *8.  No judicial economy would be served by resolving the distinct issues in one action.  See In re Rezulin Prods. Liab. Litig., 168 F. Supp.2d 136, 146 (S.D.N.Y. 2001) (joinder of parties "who have no connection to each other in no way promotes trial convenience or expedites the adjudication of asserted claims").

Consideration of all of the pertinent criteria requires denial of Plaintiff's motion.  To the extent Plaintiff might suggest that conclusion erroneous, the Court points (as courts often do) to two additional reasons why his motion must be denied.

First, Plaintiff's proposed claims are not ripe. Plaintiff is, in effect, requesting an advisory opinion to inform

7

his decision with respect to the settlement process. (See Pl.'s Mem. of Law at 8-9). That is not a permissible function of this Court. See Longway v. Jefferson County Bd. of Supervisors, 24 F.3d 397, 400 (2d Cir. 1994) ("Pursuant to ripeness doctrine, we must avoid entangling ourselves in abstract disagreements and engaging in premature adjudication." (Internal quotations omitted)); Riverside Holdings, Inc. v. Arkansas Best Corp., No. 90-CV-5492, 1996 WL 191595, at 13 (S.D.N.Y. April 22, 1996).

Second, principles of comity counsel this Court to refrain from deciding Plaintiff's state law claims and abstain from deciding his federal constitutional claims. Although neither Party addressed the applicability of abstention principles, in certain circumstances the Court may raise the issue sua sponte. See Bellotti v. Baird, 428 U.S. 132, 143 n.10, 96 S. Ct. 2857, 49 L. Ed. 2d 844 (1976). Under Pullman abstention, federal courts may abstain from deciding a federal constitutional question so that "the state courts may interpret a challenged state statute so as to eliminate, or at least to alter materially, the constitutional question presented." Planned Parenthood of Dutchess-Ulster, Inc. v. Steinhaus, 60 F.3d 122, 126 (2d Cir. 1995); see Railroad Comm'n v. Pullman Co., 312 U.S. 496, 500 (1941); Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 236, 104 S. Ct. 2321, 81 L. Ed. 2d 186 (1984) ("federal courts should abstain from decision when difficult

and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided"). "Abstention under the Pullman doctrine may be appropriate when three conditions are met: 1) an unclear state statute is at issue; 2) resolution of the federal constitutional issue depends on the interpretation of the state law; and 3) the law is susceptible to an interpretation by a state court that would avoid or modify the federal constitutional issue." <u>Vermont Right to Life Comm. v. Sorell</u>, 221 F.3d 376, 385 (2d Cir. 2000).

Here, Plaintiff seeks a declaration as to the interpretation of "earned income" in Executive Law § 632-a and challenges the constitutionality of § 632-a under both the United States and New York Constitutions. Whether an award of compensatory damages would constitute "earned income" under § 632-a is uncertain. The issue has not been decided by the New York state courts and Plaintiff does not dispute the Defendants' contention that it raises a "novel and complex" issue of state law. <u>See Catlin v. Ambach</u>, 820 F.2d 588, 591 (2d Cir. 1987); <u>Doe v. Hirsch</u>, 731 F. Supp. 627, 632 (S.D.N.Y. 1990). Nor has any state court considered whether the statute violates the due process clause under the New York Constitution. Were this Court to rule on the state law questions, it would merely be making a tentative ruling that could be supplanted by a state court decision. See <u>Pennhurst</u>

9

State Sch. and Hosp. v. Halderman, 465 U.S. 89, 122 n.32, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); Pullman, 312 U.S. at 500.

Further, a state court interpretation of § 362-a could avoid the necessity of deciding Plaintiff's constitutional challenge.   If a New York court adopted Plaintiff's suggested interpretation of "earned income," Plaintiff would not be subject to suit by the victim's family under § 632-a(1)(c).   This would moot Plaintiff's federal constitutional challenge.   Because the dispute here "concerns the applicability of a challenged statute to a certain person or a defined course of conduct, whose resolution in a particular manner would eliminate the [federal] constitutional issue[s] and terminate the litigation," this Court would abstain from deciding the federal constitutional challenge in the first instance.   See Catlin, 820 F.2d at 591 (quoting Baggett v. Bullitt, 377 U.S. 360, 376-77, 84 S. Ct. 1316, 12 L. Ed. 2d 377 (1964)).

For similar reasons, this Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims.   Under 28 U.S.C. § 1367(a), federal courts may exercise jurisdiction over state law claims, if those claims are so related to claims over which they do have jurisdiction that the claims form part of the same case or controversy.   Section 1367(c) lists several circumstances in which the court may decline to exercise that jurisdiction, including where the state claim raises a novel or

10

complex issue of state law.  "Where a pendent state claim turns on novel or unresolved questions of state law . . . principles of federalism and comity dictate that these questions be left for decision by the state courts."  Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998).

Here, as discussed above, the supplemental state law claims present novel questions of interpretation of a state statute.  See Bray v. City of New York, 356 F. Supp. 2d 277, 283 (S.D.N.Y. 2004) ("neither party has directed this court to any decision" intepreting administrative code provision); Walsh v. Nat'l Westminster Bancorp, Inc., 921 F. Supp. 168, 174 (S.D.N.Y. 1995) ("neither party has cited any New York cases on this issue"). Again, were this Court to rule on those issues, it may be a tentative ruling that could be supplanted by a state court decision.  See Seabrook, 153 F.3d at 73; cf. Pullman, 312 U.S. at 500.  Accordingly, even if Plaintiff's state claims arguably fell within the supplemental jurisdiction of this Court, this Court would decline to exercise that jurisdiction under § 1367(c).  See Valencia v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (district court abused discretion by retaining jurisdiction over state law claims which raised unsettled questions of New York law); Seabrook, 153 F.3d at 72.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to file a supplemental pleading is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          March 31, 2006

12